**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAYMOND GREPPI III,

          Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.   19-16030

D.C. No. 3:18-cv-05576-TSH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Hon. Thomas Hixson, Magistrate Judge, Presiding

Argued and Submitted June 10, 2020[*]
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BUMATAY, Circuit
Judges.

    Raymond Greppi appeals the district court's order affirming the denial of his

application for disability insurance benefits by the Administrative Law Judge

(ALJ).  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.  Because the

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

parties are familiar with the facts of this case we need not recount them here. We review the district court's order affirming the ALJ's denial of benefits de novo. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997). We will affirm the ALJ's decisions that were supported by substantial evidence and not based on an erroneous application of the law, *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005), and we may only reverse the ALJ's decision where the error was not harmless, *see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ disregarded relevant, consistent medical evidence, which means the ALJ's decision was not supported by substantial evidence; this error was not harmless, so we reverse.

The ALJ erred in rejecting the opinion of Dr. Montgomery, Greppi's treating physician. The ALJ purported to identify specific ways in which Dr. Montgomery's opinion was inconsistent with material aspects of his own treatment notes. However, "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence for a disability determination." *Orn v. Astrue*, 495 F.3d 625, 634 (9th Cir. 2007). Here, the "inconsistencies" in Dr. Montgomery's treatment notes were founded on recordings of Greppi's self-described symptoms, while there was no inconsistency between Dr. Montgomery's own observations and his opinion. *See*

2

*Molina*, 674 F.3d at 1111 ("In order to reject the testimony of a medically acceptable treating source, the ALJ must provide specific, legitimate reasons based on substantial evidence in the record."). Additionally, Dr. Montgomery's treatment notes repeatedly noted Greppi's inability to work with others, which is consistent with his opinion that Greppi was markedly impaired in his ability to interact with others.

Thus, the ALJ should have afforded Dr. Montgomery's opinion more weight because he was a treating physician and his opinion was consistent with other medical evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (a treating physician's opinion is typically given more weight than the opinion of an examining or non-examining physician); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("The opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'") (citation omitted).

Additionally, the ALJ erred in not affording more weight to the opinion of Dr. Abraham, one of Greppi's examining physicians. *See Lester*, 81 F.3d at 830 (the ALJ typically gives greater weight to the opinion of an examining physician than to the opinion of a nonexamining physician). To reject the opinion of an

examining physician, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *See Bayliss*, 427 F.3d at 1217. Here, the ALJ rejected Dr. Abraham's opinion for the same reasons that he rejected Dr. Montgomery's opinion. Because the reasons for rejecting Dr. Montgomery's opinion were erroneous, those reasons are also erroneous as applied to Dr. Abraham's opinion. In addition, Dr. Abraham's conclusions were independent from Dr. Montgomery's; therefore, the ALJ should have assessed those opinions separately and provided "specific and legitimate reasons" for rejecting each opinion, rather than simply referring to the reasons given for rejecting Dr. Montgomery's opinion as justification for rejecting Dr. Abraham's opinion.

The errors were not harmless because this error was not "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115. Therefore, we reverse the district court's conclusion that the ALJ did not err in weighing the medical evidence. We remand to the district court with instructions to remand to the agency on the remaining issues after properly weighing the medical evidence. Given this result, we need not—and do not—reach any other issues urged by the parties.

**REVERSED and REMANDED.**

4

*Raymond Greppi III v. Saul*, No. 19-16030

BUMATAY, Circuit Judge, dissenting:

We are a court of *appeals*, not a court of first instance. Where the Administrative Law Judge's decision is supported by substantial evidence, our duty is to affirm—even if we think the evidence could be interpreted differently. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In finding that the ALJ wrongly rejected the opinions of Greppi's examining and treating physicians, the majority commits a two-fold error. First, the majority takes a turn as the trier of fact, ignoring the applicable standard of review in the process. Then, without skipping a beat, it blows past the substantial evidence in the record supporting the ALJ's reasoning, and overturns its findings.

Prior to this decision, we have explained that where "the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett*, 180 F.3d at 1098; *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). Purporting to apply this standard, the majority heads off in search of *any* evidence to overturn the ALJ's finding, and

1

unsurprisingly, finds it. The ALJ, in discrediting Greppi's examining and treating physicians, pointed to specific statements in their treatment notes which conflicted with their opinions. The majority, in turn, highlights a few other treatment notes suggesting that the physicians' evidence was not so self-contradictory.[1] But this is a classic example of evidence being "susceptible to more than one rational interpretation." *Molina*, 674 F.3d at 1111. And in such cases, the ALJ only has to clear the bar, and a low one at that. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). So "disregard[ing] relevant, consistent medical evidence"—which happens often as ALJs balance competing facts—is no basis for reversal so long as substantial evidence supports doing so.

Second, and more problematically, the majority ignores *the rest of the record* in reversing the ALJ's determination. The majority focuses solely on the ALJ's finding that the examining and treating physicians' opinions were internally inconsistent, ignoring the fact that the ALJ is entitled to weigh medical opinion evidence in light of the record as a whole. *See* 20 C.F.R. § 404.1527(c)(3)–(4). In

---

[1] And even some of the "consistent" evidence pointed to by the majority is conflicting. For example, despite the majority's insistence that Dr. Montgomery found Greppi's concentration "markedly impaired," the underlying treatment notes merely state that his concentration was "impaired"—not "markedly" impaired.

so doing, the majority conveniently ignores that Greppi's favorable medical opinion evidence conflicted with, at a minimum, several of his own statements regarding his disability, the "most recent consultative evaluation's IQ and other intellectual functioning scores," and the evidence of the other non-examining physicians. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) (affirming where the ALJ's decision to discredit a treating physician's opinion was "supported by the entire record.").

Finally, it's worth pointing out one curious effect of the majority's holding: on remand, the ALJ must give more weight to Dr. Abraham's opinion that Greppi's impairments could reflect his "continuous use" of controlled substances. An opinion, incidentally, confirmed by Greppi's own testimony. Perhaps it bears noting that the Social Security Act was not designed as a backstop for harms resulting from substance abuse. *See* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."); *Parra v. Astrue*, 481 F.3d 742, 744 (9th Cir. 2007).

I respectfully dissent.